# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STEVEN BUSBEE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SERVICETODAY TELEMARKETING, LLC,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT AND TEXAS BUSINESS & COMMERCE CODE**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Steven Busbee ("Busbee"), through his counsel, and for his Complaint against Defendant ServiceToday Telemarketing, LLC ("Service Today") states:

## INTRODUCTION

1. Plaintiff brings this complaint for Defendant's violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, *et seq.*, sections § 305.053 and § 302.101 of the Texas Business & Commercial Code, and for intrusion upon seclusion.

## PARTIES

2. Busbee is a natural person who, at all times relevant to this Complaint, resided in Hurst, Texas.

3. Service Today is a for-profit company and maintains its principal place of business at 18092 MN State Highway 371, Brainerd, MN 56401.

4. Whenever it is alleged herein that any Defendant did any act, it is meant that the Defendant performed or participated in the act or that Defendant's officers, agents or employees performed or participated in the act on behalf of and under the authority of a Defendant.

## JURISDICTION AND VENUE

5. This Court's jurisdiction arises under 47 U.S.C. § 227(g)(2), and 28 U.S.C. §§ 1331 and 1337.

6. Supplemental jurisdiction for Plaintiff' state law claims arises under 28 U.S.C. § 1367.

7. Venue is appropriate in this federal district under 47 U.S.C. § 227(g)(4) and 28 U.S.C. § 1391 because Defendants regularly transact business within this federal judicial district and, therefore, reside in this federal judicial district within the meaning of 28 U.S.C. § 1391(b) and (c).

**FACTUAL ALLEGATIONS**

8. Service Today is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Service Today is a "telemarketer" within the meaning of 47 C.F.R. § 64.1200(f)(12).

10. Mr. Busbee's telephone number, XXX-XXX-3700, is registered to a cellular telephone service.

11. Mr. Busbee's number ending in 3700 has been registered on the National Do Not Call Registry since December 4, 2009.

12. The cellular telephone is registered in Mr. Busbee's name.

13. Plaintiff has never sought or solicited information regarding Defendant's services prior to receiving the text messages at issue.

14. The Defendant has never had a "established business relationship" with Plaintiff within the meaning of 47 C.F.R. § 64.1200(f)(5).

15. Plaintiff was not interested in heating or air conditioning services.

16. Plaintiff did not consent to receiving any communications from Defendant.

17. On May 1, 2022 at 4:33pm, Defendant sent the following text message to Plaintiff

> Hey, this is Alex with ServiceToday Air Conditioning and Heating. Your A/C is in between seasons and now is the time to tuneup your system and calibrate your air flow. We wanted to reach out and offer a Free System Maintenance as one of our valued customers. I only have a few openings that I need to fill next week. Do you prefer am or pm?

18. Plaintiff responded to the text message indicating the text was unsolicited and that his number was on the Do Not Call Registry.

19. Despite this response, on July 22, 2022 at 6:17pm, Defendant sent the following text message to Plaintiff:

> Hey, this is Sam with ServiceToday Air Conditioning and Heating. We wanted to reach out and offer a Free System rejuvenation tuneup. I only have a few openings

that I need to fill next week.  Do you prefer morning or afternoon?

20. On July 23, 2022 at 5:57pm, Defendant sent another text message to Plaintiff:

> Hey, this is Sam again, Just reaching out because I haven't heard from you.  I don't want you to miss out on this time sensitive offer.  Do you need more information?

21. The following day, on July 24, 2022 at 5:48pm Defendant yet another message to Plaintiff:

> This is the last day to take advantage of our free complementary system tune up.  The regular price is $119.  I would hate for you to miss out on this great offer.  What should we do?

22. A little more than a month later, in September 2022 Defendant again sent a similar series of text messages to Plaintiff over the course of three days.

23. On September 1, 2022 at 1:40pm, Defendant sent the following message to Plaintiff:

> Hey, this is Sarah with ServiceToday.  We wanted to reach out and offer a Free System tuneup.  I only have a few openings that I need to fill next week.  Do you prefer morning or afternoon?

24. On September 2, 2022 at 1:20pm, Defendant sent the following text message to Plaintiff:

> Hey, this is Sarah again, Just reaching out because I haven't heard from you.  I don't want you to miss out on this time sensitive offer.  Do you need more information?

25. The following day, on September 3, 2022 at 1:18pm Defendant sent the following message to Plaintiff:

> This is the last day to take advantage of our free complementary system tune up.  The regular price is $119.  I would hate for you to miss out on this great offer.  What should we do?

26. Defendant initiated thesetext messages to Plaintiff for the purpose of encouraging the sale of heating and or A/C services.

27. Defendant's text messages, as alleged herein, constitutes "telemarketing" within the meaning of 47 C.F.R. § 64.1200(f)(13).

28. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business

location from which the solicitation is made.

29. Defendant is not registered with the Office of the Secretary of State. See https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp.

30. These repeated unsolicited texts intruded upon Plaintiff's seclusion.

### FIRST CAUSE OF ACTION
**Violations of the TCPA's National Do-Not-Call Registry Provisions**
**47 U.S.C. 227(c) and 47 C.F.R. § 64.1200(c)(2)**

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by sending multiple solicitation texts within a 12-month period to the residential and cellular telephone numbers belonging to Plaintiff despite registration on the National Do Not Call Registry and without having signed, written prior express invitation or permission.

33. Defendant's TCPA violations were negligent and/or willful.

34. The TCPA provides a private right of action for these claims under 47 U.S.C. § 227(c)(5).

### SECOND CAUSE OF ACTION
**Violations of the TCPA, 47 U.S.C. 227(b)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

37. Defendant initiated multiple text messages to Plaintiff using an automatic telephone dialing system.

38. The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

39. Specifically, Defendant uses algorithms to select the sequence of calls/texts to be dialed from a stored list of telephone numbers.

40. Defendant uses a dialing system that dials or stores numbers using a random or sequential number generator.

41. Defendant's dialing system used to text Plaintiff is therefore an "automatic telephone dialing system" as defined by the TCPA.

42. Defendant's texts were not made for "emergency purposes."

43. Defendant's texts to Plaintiff's cellular telephone using an ATDS were without any prior express consent.

44. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

45. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

46. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

### THIRD CAUSE OF ACTION
**Inclusion Upon Seclusion**

47. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

48. The elements of a cause of action in Texas of invasion of privacy by intrusion upon seclusion are (1) an intentional intrusion upon a person's solitude, seclusion or private affairs (2) that would be highly offensive to a reasonable person and (3) as a result of which the person suffered an injury.

49. By sending repeated harassing text messages related for unwanted services, without consent, Defendant intruded upon Plaintiff's seclusion.

50. The repeated texts demanding money would be highly offensive to a reasonable person.

51. As a result of Defendant's actions outlined above, Plaintiff suffered injury in the form of stress, anxiety, anger and disruption of his daily life.

52. Defendant's acts were egregious and offensive and warrant punitive damages.

### FOURTH CAUSE OF ACTION
### Violations of Tex. Bus. & Com. Code § 305.053

53. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54. Defendant placed telemarketing texts to Plaintiff's telephone number.

55. Each of these texts violated 47 U.S.C. § 227.

56. Plaintiff is entitled to: (a) a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305; (b). the greater of $500 for each violation or Plaintiff's actual damages (see Tex. Bus. & Com. Code §304.053(b); (c) the greater of $1,500 for each violation or Plaintiff's actual damages for each call made knowingly or intentionally (see Tex. Bus. & Com. Code §304.053(c).

### FIFTH CAUSE OF ACTION
### Violations of Tex. Bus. & Com. Code § 302.101

57. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

58. Plaintiff is a "consumer" as defined by § 301.001(2) of the Texas Business and Commerce Code.

59. Defendant is a "telephone solicitor" as defined by § 301.001(5) of the Texas Business & Commerce Code.

60. §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

61. Defendants violated § 302.101 of the Texas Business & Commercial Code when their representatives engaged in continuous and repetitive telephone solicitation of Plaintiff by sending repeated text messages without obtaining a registration certificate from the Office of the Secretary of State.

62. §302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §227(b) and (c);

B. An award of statutory damages;

C An award of treble damages;

D. An award of punitive damages; and

E. Such other and further relief that the Court deems reasonable and just.

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

|     |     |     |
| --- | --- | --- |
|  |  | **GINSBURG LAW GROUP, P.C.** |
| Dated: February 28, 2023 | By: | s/ *Amy L. B. Ginsburg* |
|  |  | Amy L. B. Ginsburg |
|  |  | GINSBURG LAW GROUP, P.C. |
|  |  | 1012 N. Bethlehem Pike, Suite 103, Box #9 |
|  |  | Ambler, PA 19002 |
|  |  | Telephone: (855) 978-6564 |
|  |  | Facsimile:  (855) 777-0043 |
|  |  | Email: aginsburg@ginsburglawgroup.com |
|  |  | *Attorneys for Plaintiff,* |
|  |  | *Steven Busbee* |